UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND D. EDELMAN CHILDREN'S COURT OF CALIFORNIA, et al.,<br><br>    Defendants. | No.  2:21–cv–0066–KJM–CKD PS<br><br><br>ORDER TO TRANSFER CASE |

This case is before the court on plaintiff's motion to proceed in forma pauperis ("IFP") with her complaint filed January 13, 2021.[1] (ECF Nos. 1-2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). The undersigned declines to rule at this time on the IFP motion, however, because an initial review of this action indicates that plaintiff filed this case in the wrong district court. On March 29, 2021, the court ordered plaintiff to show cause within 14 days why this action should not be dismissed without prejudice or transferred to the U.S. District Court for the Central District of California, where venue would be proper, under 28 U.S.C. § 1406(a). (ECF No. 3.) That deadline has passed without a response from plaintiff. Accordingly, the undersigned now orders this action transferred to the Western Division of the U.S. District Court

---

[1] Because plaintiff is representing herself, this action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

for the Central District of California.[2]

Plaintiff brings this 18-count complaint against some 14 defendants, challenging the removal of two of her minor children from her custody and their placement in foster homes and in their father's home for the last several years. (ECF No. 1.) Plaintiff primarily challenges the prosecution and outcome of the separation proceedings that took place from 2017 through 2019 in the Edmund D. Edelman Children's Court, a division of the Los Angeles County Superior Court. Among the named defendants are the Children's Court; senior officials of California and Los Angeles human services agencies; the Los Angeles County Department of Children and Family Services ("DCFS"); and several DCFS social workers and supervisors involved in her children's case. (Id. at 1-2, 9-10.)

Plaintiff states that the events at issue occurred "mainly in the Los Angeles, Riverside County," where her children were placed in various foster homes, and that venue is proper in "this Judicial District" because a substantial part of the events or omissions giving rise to her claim "occurred in the Central District of California." (Id. at 10.) Based on these statements and the complaint's factual allegations, it appears that plaintiff meant to file this suit in the Central District of California but instead filed suit in the *Eastern* District of California. As plaintiff seems to acknowledge, this judicial district—the Eastern District of California—is not a proper venue for this case.

Defects in venue may be raised by the court on its own where the defendant has not yet responded to the complaint and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (permitting courts to transfer case on its own initiative, "so long as the parties are first given the opportunity to present their views on the issue"). Venue in a civil action is generally proper in (1) a judicial district where any defendant resides, if all defendants

---

[2] Because a transfer of venue under 28 U.S.C. § 1406(a) or § 1404(a) "is not dispositive of all federal proceedings and instead specifically enables a plaintiff to continue the suit in another federal district," the undersigned has authority pursuant to 28 U.S.C. § 636(b)(1)(A) to issue a transfer order, rather than a report and recommendation, even without consent to magistrate jurisdiction. Hudson v. Diversified Consultants, Inc., No. 6:16-CV-01252-TC, 2016 WL 6434971, at *1 n.1 (D. Or. Oct. 25, 2016); see Pavao v. Unifund CCR Partners, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013).

reside in the same State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Although it is plausible that all defendants reside in California within the meaning of § 1391(b)(1), no defendant is alleged to reside in the Eastern District of California. All the entities plaintiff names as defendants—ranging from the Children's Court, to DCFS, to the City of Whittier Police Department—are located in counties that fall within the Central District of California. Plaintiff does not allege where any of the individual defendants reside, but nearly all of them are employees of Los Angeles County agencies. Two of the named defendants are (or were) California state officials for whom plaintiff lists business addresses in Sacramento, which is in this district. (ECF No. 1 at 2.) But neither of these defendants is mentioned anywhere in the complaint besides the party identification sections, which contain no substantive allegations against them.

As for § 1391(b)(2), none of the events or omissions giving rise to plaintiff's claims are alleged to have occurred in this district. According to plaintiff, herself, the events or omissions at issue occurred "mainly" in Los Angeles and Riverside counties, which plaintiff correctly identifies as falling within the Central District of California. (ECF No. 1 at 10.) And finally, this district is not proper under § 1391(b)(3) because the action could have been brought in the Central District of California.

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a). Even assuming venue could lie in this district, the court finds that in the interest of justice the Central District of California is a more appropriate venue because the pertinent events and omissions took place within that forum. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

////

Accordingly, IT IS HEREBY ORDERED that:

1. This action is TRANSFERRED to the Western Division of the U.S. District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a);

2. Plaintiff is instructed to direct any filings or inquiries related to this case to that court. *Further filings in the Eastern District of California related to this case will be disregarded*; and

3. The Clerk of Court is directed to CLOSE this case, upon effecting the transfer.

Dated: April 15, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.0066, rodr

4